Filed 3/23/16  P. v. Rocco CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B265785 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BA429706) |
| ROBERT ROCCO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Affirmed as modified.

Robert Rocco, in pro. per.; and John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On September 14, 2014, appellant Robert Rocco fled from police at high speed in a stolen car, with a gun on the floorboard. Before trial he agreed in exchange for a sentence of eight years and eight months to plead no contest to recklessly evading a police officer (Veh. Code, § 2800.2, subd. (a)), unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)), and carrying a loaded firearm (Pen. Code, § 25850, subd. (a)).

Appellant was sentenced as agreed to the high term of three years for evading a police officer, doubled because of a prior robbery conviction, plus consecutive sentences of one-third the midterm (two years), doubled, for the unlawful taking and gun possession charges, for a total of eight years and eight months. (Pen. Code, §§ 667, subd. (e)(1), 1170, subds. (a) & (h), 1170.1, subd. (a).) He was awarded 262 days actual custody credit and 262 days good time/work time credit. He was assessed a $90 criminal convictions assessment (Gov. Code, § 70373) and a $120 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)), and was ordered to provide a DNA sample (Pen. Code, § 296). A $300 restitution fine was imposed (Pen. Code, § 1202.4, subd. (b)), and a $300 mandatory supervision restitution fine (Pen. Code, § 1202.45) was assessed but suspended.

Appellant filed a timely appeal but declined to seek a certificate of probable cause. We appointed counsel to represent him on appeal, but after examining the record counsel filed an opening brief raising no issues and asking this court to review the record independently. On December 1, 2015, we advised appellant he had 30 days to submit any contentions or issues he wished us to consider.

On December 24, 2015, appellant filed a letter brief in which he contended (1) the jury was improperly told he had a prior felony conviction and (2) he should not have received a three-year sentence enhancement pursuant to Penal Code section 667.5, subdivision (a).

We have examined the entire record and are satisfied that appellant's counsel has fully complied with the responsibilities set forth in *People v. Kelly* (2006) 40 Cal.4th 106, 109-110 and *People v. Wende* (1979) 25 Cal.3d 436, 441.

Appellant's argument that the jury improperly received information cannot be raised on appeal because his no contest plea and failure to obtain a certificate of probable cause limit the potential scope of the appeal to "[g]rounds that arose after entry of the plea and do not affect the plea's validity" or "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5." (Cal. Rules of Court, rule 8.304(b); see Pen. Code, § 1237.5.)

Appellant's argument that he was not subject to a three-year sentence enhancement pursuant to subdivision (a) of Penal Code section 667.5 is correct, but he received no such enhancement.

The record fails to demonstrate any colorable issue exists on appeal.

## DISPOSITION

The judgment is modified to reflect appellant's conviction for carrying a loaded handgun was pursuant to subdivision (a) of Penal Code section 25850, not Vehicle Code section 25850. In all other respects the judgment is affirmed. The clerk of the superior court is directed to prepare an amended abstract of judgment to reflect the judgment as modified and forward a copy of it to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


CHANEY, J.


We concur:



ROTHSCHILD, P. J.



LUI, J.


3